# OCTOBER TERM, 1906.

### AITKEN *v.* CHIPPEWA CIRCUIT JUDGE.

1. EQUITY—CHANCERY·PRACTICE—ORDER PRO CONFESSO—SETTING ASIDE—PREREQUISITES.

   A motion to set aside a default and order of reference is not in order unless accompanied by a sworn answer (Chancery Rule. 7*d*) notwithstanding defendant is physically unable·to·answer; proper practice in such case being to move for extension of time to answer under Chancery Rule 6.

2. MANDAMUS—PROPRIETY—EXHAUSTING REMEDIES BELOW.

   Mandamus will not be granted by this court to compel the setting aside of a default and order of reference where the circuit court has not been moved for a vacation of the order complained of.

Mandamus by David A. Aitken to compel Joseph H. Steere, circuit judge of Chippewa county, to vacate an order setting aside a default.. Submitted October 2, 1906. (Calendar No. 21,834.)  Writ denied October 19, 1906.

Relator filed his bill in the Chippewa circuit court, in chancery, against Chase S. Osborn, demanding a sworn answer, to which, on the expiration of the period allowed as an extension of the time for answering, Osborn's solicitors filed an unverified answer.  Relator then filed an order pro confesso referring the cause to a circuit court commissioner.  Subsequently, without answering further, Osborn moved to set aside the default and order of reference on the ground that, at the time of making the motion, and during the whole period in which he might have

146 MICH.—9.          (129)

answered, he was unable from illness to be consulted with reference to the suit. The circuit judge granted the motion, and relator asks that a peremptory mandamus issue commanding the circuit judge to set aside the order setting aside the default and order of reference on the ground that defendant did not comply with Chancery Rule 7 by filing a proper answer before or at the time of filing his motion.

*M. M. Larmonth* and *M. F. McDonald,* for relator.

*Warner, Sullivan & Wiley,* for respondent.

PER CURIAM. The practice pursued in the circuit did not conform to Chancery Rule 7. The relator is also in fault in failing to move for the vacation of the order setting aside default. The proper practice on defendant's part would have been to move for extension of time, under Chancery Rule 6. As there is still time to proceed anew under Chancery Rule 7, the defendant can preserve his rights.

This application is denied.